UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILLY CEPERO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, *et al.,*<br><br>　　　　　　　　　　Respondents. | Case No.: 2:24-cv-01823-APG-MDC<br><br>**Order Denying Motion to Dismiss without Prejudice and Setting Schedule for New Motion to Dismiss<br>and<br>Granting Motion for Leave to File Exhibit Under Seal**<br><br>**(ECF Nos. 24, 27)** |

　　　　This habeas corpus action was initiated, *pro se*, on September 27, 2024, by Billy Cepero, who was then incarcerated at Nevada's High Desert State Prison. Cepero challenges a 2010 criminal conviction upon which he was sentenced to life in prison with the possibility of parole after 10 years. ECF No. 9 at 1–2. It appears that the crux of all the claims in Cepero's amended petition is his contention that he received less credit for time served than he was entitled to, delaying his parole eligibility. *Id*. at 3–9. According to information on the website of the Nevada Department of Corrections, Cepero has now been granted parole, and on July 18, 2025, he filed a notice stating that his address is now at a Las Vegas residence. *See* ECF No. 37.

　　　　After Cepero filed his original habeas petition (ECF No. 7) and paid the filing fee (ECF No. 5), the Court screened that petition and, on November 27, 2024, dismissed it with leave to amend. ECF No. 6. Cepero then filed an amended habeas petition on December 24, 2024. ECF No. 9. The December 24, 2024, amended petition (ECF No. 9) is Cepero's operative petition. In an order entered on January 17, 2025, I screened the amended petition, ordered it served on Respondents, and set a schedule for Respondents to respond. ECF No. 13.

1    Unfortunately, there was a clerical error in the January 17 order: it referred to Cepero's original petition (ECF No. 7) instead of his amended petition (ECF No. 9). *See id*. Apparently as a result of that clerical error, on April 22, 2025, Respondents filed a motion to dismiss, addressing Cepero's original petition (ECF No. 7)—which, again, was already dismissed without prejudice (ECF No. 6)—instead of the operative amended petition (ECF No. 9). The parties went on to brief that motion to dismiss. ECF Nos. 28, 30, 31, 33. Because the motion to dismiss addresses the wrong petition, the Court will deny the motion to dismiss without prejudice and will set a schedule for Respondents to file a new motion to dismiss properly addressing the operative amended petition and for the parties to brief that new motion to dismiss. Respondents may raise any defense in the new motion to dismiss that they raised in their April 22 motion to dismiss, in addition to any other defenses they may have.

   In particular, the new motion to dismiss should address the question whether, now that Cepero has been granted parole, there is any habeas corpus relief that he could possibly be granted on the claims he asserts—all of which appear to essentially contend that his parole eligibility was unlawfully delayed—and, therefore, whether his habeas petition remains cognizable, or otherwise justiciable.

   Respondents need not re-file, in support of their new motion to dismiss, any exhibits that were filed in support of their first motion to dismiss.

   On April 21, 2025, Respondents filed a motion for leave of court to file an exhibit under seal. ECF No. 24. Cepero did not respond to that motion. The exhibit in question is a presentence investigation report. ECF No. 25 (filed under seal). While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access to them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its

records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). The presentence investigation report filed by Respondents contains information that could be used for improper purposes. In view of the state law and considering the nature of the information in the presentence investigation report, I find that there are compelling reasons for that exhibit to be filed under seal.

I therefore order that Respondents' Motion to Dismiss (ECF No. 27) is **DENIED** without prejudice. Respondents will have until December 15, 2025 to file a new motion to dismiss, addressing Petitioner's amended petition for writ of habeas corpus (ECF No. 9). Petitioner will have 45 days to respond to that motion to dismiss, and Respondents will have 30 days to reply to Petitioner's response.

I further order that Respondents' Motion for Leave to File Exhibit in Camera and Under Seal (ECF No. 24) is **GRANTED**. The Clerk of the Court is directed to maintain the exhibit filed at ECF No. 25 under seal.

DATED: October 31, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE