**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BILLY CEPERO,

　　　　　　　　　　　Petitioner,

v.

BRIAN WILLIAMS, *et al.,*

　　　　　　　　　　　Respondents.

Case No.: 2:24-cv-01823-APG-MDC

**Order Granting Motion to Dismiss, Denying Cross-Motion for Summary Judgment, and Denying Motion for Leave to File Surreply**

**(ECF Nos. 40, 43, 47)**

In this habeas corpus action, the respondents move to dismiss Billy Cepero's amended petition for writ of habeas corpus (ECF No. 9). ECF No. 40. I dismiss the petition because Cepero's action is successive and Cepero has not obtained the necessary authorization from the Court of Appeals to file it. I deny Cepero's cross motion for summary judgment and his motion for leave to file a surreply.

**Background**

Cepero initiated this habeas corpus action, *pro se*, on September 27, 2024. He challenges a 2010 criminal conviction upon which he was sentenced to life in prison with the possibility of parole after 10 years. ECF No. 9 at 1–2. The crux of all Cepero's claims is his contention that he received less credit for time served than he was entitled to, delaying his parole eligibility. *Id*. at 3–9. Cepero has now been granted parole. *See* https://ofdsearch.doc.nv.gov/form.php (Offender ID 94730); ECF No. 37.

The respondents filed their motion to dismiss on December 15, 2025. ECF No. 40. They argue that Cepero's amended petition is successive and that he has not obtained from the Court of Appeals the authorization required to file such a successive petition. *Id*. at 8–9. The

respondents also argue that Cepero's claims are moot, barred by the statute of limitations, unexhausted in state court, procedurally defaulted, and/or not cognizable in this federal habeas corpus action. *Id*. at 7–18.

Cepero filed an opposition to the motion to dismiss on January 27, 2026. ECF No. 43. In that filing, Cepero includes a cross motion for summary judgment. *Id*. Because I determine that this court lacks jurisdiction to adjudicate Cepero's successive habeas petition—and because the summary judgment motion is meritless at any rate—I deny the summary judgment motion.

On April 15, 2026, Cepero filed a motion for leave to file a surreply in opposition to the motion to dismiss. ECF No. 47. I deny that motion because Cepero does not indicate that he has anything to add regarding the determinative issue here: whether the petition is a second successive action.

**Discussion**

A successive habeas petition may not be filed in this court unless the petitioner has obtained authorization from the Ninth Circuit Court of Appeals to do so. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  The Ninth Circuit Court of Appeals has explained what constitutes a successive habeas petition:

> It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), and if the petition challenges the same state court judgment as the initial petition, *Magwood v. Patterson*, 561 U.S. 320, 333, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) (explaining that a writ of habeas corpus is filed "'on behalf of a person in custody pursuant to the *judgment* of a State court.'" (emphasis in opinion) (quoting 28 U.S.C. § 2254(b))).

2

*Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

Cepero previously petitioned for federal habeas corpus relief in this court in Case No. 2:14-cv-01396-MMD-GWF. In that case, initiated on August 25, 2014, Cepero challenged the same conviction he challenges in this case: his conviction in 2010 in Case No. 09C259021 in Nevada's Eighth Judicial District Court. Compare ECF No. 5 in Case No. 2:14-cv-01396-MMD-GWF, with ECF No. 9 in this case. That previous action was dismissed as untimely, and judgment was entered on January 22, 2018. Case No. 2:14-cv-01396-MMD-GWF at ECF Nos. 32, 33. The court denied Cepero's motion for reconsideration. *Id*. at ECF No. 46. Cepero appealed, and the Court of Appeals denied Cepero a certificate of appealability. *Id*. at ECF No. 52. The facts underlying Cepero's claims in his petition in this case—the trial court's calculation of his time served—occurred by the time Cepero filed his previous federal habeas petition in this court. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of ... 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

Under 28 U.S.C. § 2244(b)(3), before a successive petition is filed in a federal district court, the petitioner must obtain authorization from the appropriate court of appeals. The federal district court does not have jurisdiction to entertain a successive habeas petition absent such authorization. *Brown*, 889 F.3d at 667.

Cepero does not, in either his opposition to the motion to dismiss or his motion for leave to file a surreply, address the respondents' argument that his petition is successive. Cepero does not allege that he has obtained authorization from the Ninth Circuit Court of Appeals to file a successive habeas petition. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

Because Cepero's amended petition in this action is successive and he has not obtained authorization from the Court of Appeals to file a successive petition, this court lacks jurisdiction to adjudicate this action. I therefore dismiss this action. I do not reach the respondents' other arguments in support of their motion to dismiss.

**Conclusion**

I THEREFORE ORDER that the respondents' Motion to Dismiss **[ECF No. 40] is granted**. This action is dismissed. Because jurists of reason would not find debatable whether I am correct in dismissing this action, I deny Petitioner a certificate of appealability. The Clerk is directed to enter judgment accordingly and close the case.

I FURHER ORDER that Petitioner's Cross Motion for Summary Judgment **[ECF No. 43] is denied**.

I FURTHER ORDER that Petitioner's Motion for Leave to File Surreply **[ECF No. 47] is denied**.

DATED: June 2, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE